IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CONNECTICUT YANKEE ATOMIC POWER COMPANY,<br><br>           Plaintiff,<br><br>           v.<br><br>THE UNITED STATES,<br><br>           Defendant. | No. 17-673C<br>(Senior Judge Firestone) |

## JOINT MOTION TO CONSOLIDATE

Pursuant to Rule 42 of the Rules of the United States Court of Federal Claims (Rules), and the Order dated September 12, 2017, the parties file this Joint Motion to Consolidate this action with the following cases: *Maine Yankee Atomic Power Co. v. United States,* No. 17-674 (Fed. Cl.) (Firestone, S.J.); and *Yankee Atomic Electric Co. v. United States,* No. 17-676 (Fed. Cl.) (Firestone, S.J.) (collectively, the "Yankee Phase IV cases" and "the Yankee plaintiffs").

## BACKGROUND

The Yankee Phase IV cases are based upon the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste (the Standard Contract), between the Yankee plaintiffs, and the United States, acting through the Department of Energy (DOE), 10 C.F.R. § 961.11. This is the fourth round of lawsuits the Yankee plaintiffs have filed against the United States seeking damages for DOE's continuing breach of its obligation to accept and permanently dispose of the Yankee plaintiffs' spent nuclear fuel and high-level nuclear waste (collectively, "SNF"). *See Ind. Mich. Power Co. v. United States*, 422 F.3d 1369, 1376-78 (Fed. Cir. 2005) (holding that utilities should file successive partial breach actions to obtain damages incurred through the time of trial in each successive suit). The prior three rounds of lawsuits addressed damages incurred by the Yankee plaintiffs as a result of DOE's breach through December 31,

2012. *See Yankee Atomic Elec. Co. v. United States*, No. 98-126C (Fed. Cl.) (Merow, S.J.) (addressing damages incurred through December 31, 2001); *Yankee Atomic Elec. Co. v. United States*, No. 07-876 (Fed. Cl.) (Merow, S.J.) (addressing damages incurred from January 1, 2002 through December 31, 2008); *Yankee Atomic Elec. Co. v. United States*, No. 13-584 (Fed. Cl.) (Merow, S.J.) (addressing damages incurred from January 1, 2009 through December 31, 2012). This fourth round of litigation addresses the Yankee plaintiffs' damages for the period January 1, 2013 through at least December 31, 2016. The Yankee cases were consolidated for trial in each of the first three rounds of litigation.

## **DISCUSSION**

Motions to consolidate are governed by Rule 42, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters in issue in the actions; it may order all the actions consolidated; and it may make any such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

Common issues of law and fact predominate the three Yankee Phase IV cases pending before this Court. Each case involves the Standard Contract, and the same breach of that contract by the same defendant. Each of the three Yankee plaintiffs is a commercial nuclear power plant that has been shut down and decommissioned for several years. All that remains on these sites are the independent spent fuel storage installations, the spent fuel they store, and certain buildings related to spent fuel storage. The ongoing fuel storage activities at each site are substantially similar, and the same management team oversees the operations of all three Yankee plaintiffs. The Yankee plaintiffs all seek to recover operating expenses allegedly incurred in storing their SNF, during the claim period, as a result of DOE's delay. The categories of claimed costs overlap substantially among the three cases and include, among others, labor, staffing,

2

insurance, materials and supplies, security and surveillance, utilities, regulatory oversight, fees, and taxes. The presentation of evidence supporting these costs will be largely duplicative and sponsored by the same witnesses. And where the Government disputes claimed costs, the response and defense to each Yankee plaintiff for a particular cost category will be the same – i.e., that the cost was not covered by the Standard Contract and would have been incurred even without DOE's delay.

Consolidation would therefore promote judicial economy and save the parties unnecessary expenditures of time and money.

## **CONCLUSION**

Because the Yankee Phase IV cases all present common legal questions and arise out of substantially the same facts, we respectfully request that the Court consolidate the Yankee Phase IV cases for discovery and trial.



Respectfully submitted,

| | |
|---|---|
| /s Robert H. Stier, Jr. | CHAD A. READLER |
| ROBERT H. STIER, JR. | Acting Assistant Attorney General |
| PIERCE ATWOOD LLP | |
| 254 Commercial Street | |
| Portland, ME 04101 | ROBERT E. KIRSCHMAN, JR. |
| rstier@pierceatwood.com | Director |
| Telephone: (207) 791-1100 | |
| Facsimile: (207) 791-1350 | |
| | /s Lisa L. Donahue |
| Of Counsel: | LISA L. DONAHUE |
| | Assistant Director |
| LUCUS A. RITCHIE | |
| lritchie@pierceatwood.com | |
| PIERCE ATWOOD LLP | /s Margaret J. Jantzen |
| | MARGARET J. JANTZEN |
| MICHAEL J. DERDERIAN | Trial Attorney |
| mderderian@pierceatwood.com | U.S. Department of Justice |
| PIERCE ATWOOD LLP | Civil Division |
| | Commercial Litigation Branch |
| *Attorneys for Plaintiff* | P.O. Box 480, Ben Franklin Station |
| | Washington, DC 20044 |
| | Tel: (202) 353-7994 |
| DATED: October 3, 2017 | Margaret.j.jantzen@usdoj.gov |
| | |
| | *Attorneys for Defendant* |

## CERTIFICATE OF FILING

I certify that on this 3d day of October, 2017, a copy of the foregoing JOINT MOTION TO CONSOLIDATE was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Robert H. Stier, Jr.